UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

————

GREGORY KONRATH,

                Plaintiff,                   Case No. 1:16-cv-1380

v.                                            Honorable Janet T. Neff

FOUR WINDS CASINO,

                Defendants.

_____/

## OPINION

This is a civil rights action filed by Plaintiff Gregory Konrath , a prisoner incarcerated at Westville Correctional Facility in Westville, Indiana. Plaintiff filed his action on or about November 18, 2016. On December 28, 2016, the Court issued an order granting Plaintiff leave to proceed *in forma pauperis* (ECF No. 2) and an order for service of the complaint (ECF No. 3). After those orders were issued, the Court learned that Plaintiff has filed over 95 civil actions in the federal courts, 18 of which have been dismissed as frivolous, malicious or for failure to state a claim. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis* within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of  the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002). The Court

also will vacate the order for service. The order for service may be reissued should Plaintiff pay the filing fee within the time provided by the Court.

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

- 2 -

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process; that it constitutes a bill of attainder; and that it is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts, having filed over 60 cases in the Northern District of Indiana in 2016. In the past three months, Plaintiff has filed 35 additional cases in nine other federal district courts. *See* PACER Case Locator, http://pacer.psc.uscourts.gov (last visited January 4, 2017). At the time Plaintiff filed the instant action, the federal courts had dismissed 12 of his lawsuits as frivolous, malicious or for failure to state a claim. *See* (1) *Konrath v. Sands*, 3:16-CV-520 (N.D. Ind.), dismissed August 17, 2016, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because the defendant had prosecutorial immunity; (2) *Konrath v. Embrey*, 3:16-CV-519 (N.D. Ind.), dismissed August 22, 2016, pursuant to 28 U.S.C. § 1915A because the defendant had prosecutorial immunity; (3) *Konrath v. State of Indiana*, 3:16-CV-536 (N.D. Ind.), dismissed September 19, 2016, pursuant to 28 U.S.C. § 1915A as frivolous because the defendant had sovereign immunity; (4) *Konrath v. Huneryager*, 3:16-CV-667 (N.D. Ind.), dismissed October 12, 2016, pursuant to 28 U.S.C. § 1915A as malicious; (5) *Konrath v. Sands*, 3:16-CV-677 (N.D. Ind.), dismissed October 13, 2016, pursuant to 28 U.S.C. § 1915A as malicious; (6) *Konrath v. Huneryager*, 3:16-CV-679 (N.D. Ind.), dismissed October 13, 2016, pursuant to 28 U.S.C. § 1915A

as malicious; (7) *Konrath v. DeSanctis*, 3:16-CV-680 (N.D. Ind.), dismissed October 13, 2016, pursuant to 28 U.S.C. § 1915A as malicious; (8) *Konrath v. Miami Cnty. Indiana*, 3:16-CV-678 (N.D. Ind.), dismissed October 17, 2016, pursuant to 28 U.S.C. § 1915A as malicious; (9) *Konrath v. Transcor of Am.*, 3:16-CV-683 (N.D. Ind.), dismissed October 17, 2016, pursuant to 28 U.S.C. § 1915A as malicious; (10) *Konrath v. State of Indiana*, 1:16-CV-9541 (N.D. Ill.), dismissed October 18, 2016, for lack of subject matter jurisdiction because the defendant has sovereign immunity; (11) *Konrath v. DeSanctis*, 3:16-CV-518 (N.D. Ind.), dismissed October 26, 2016, pursuant to 28 U.S.C. § 1915A for failure to state a claim; and (12) *Konrath v. Ruiz*, 1:16-CV-9539 (N.D. Ill.), dismissed October 11, 2016, because the claims were found frivolous in an order issued October 27, 2016.[1]  Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule because he does not allege any facts establishing that he is under imminent danger of serious physical injury.

## Conclusion

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action.  Consequently, the Court's order granting Plaintiff leave to proceed *in forma pauperis* will be vacated.  Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $400.00.  If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $400.00 filing fee.  The Court also will vacate the order for service.

---

[1]Plaintiff has accrued at least six additional strikes since this case was filed.  *See Konrath v. Miami Cnty.*, 3:16-CV-664 (N.D. Ind.), dismissed November 22, 2016, pursuant to 28 U.S.C. § 1915A for failure to state a claim; *Konrath v. Holder*, 3:16-CV-790 (N.D. Ind.), dismissed November 28, 2016, pursuant to 28 U.S.C. § 1915A as frivolous; *Konrath v. Logansport Memorial Hospital*, 3:16-CV- 804 (N.D. Ind.), dismissed December 12, 2016, pursuant to 28 U.S.C. § 1915A as frivolous; *Konrath v. Alvarado*, 1:16-CV-9540 (N.D. Ill.), dismissed November 30, 2016, pursuant to 28 U.S.C. § 1915A for failure to state a claim; *Konrath v. Alvado*, 1:16-CV-10803 (N.D. Ill.), dismissed December 13, 2016 as malicious; and *Konrath v. Prisoner Trans. Servs.*, 3:16-CV-3019 (M.D. Tenn.), dismissed December 1, 2016, pursuant to 28 U.S.C. § 1915A for failure to state a claim.

The order for service may be reissued should Plaintiff pay the filing fee within the time provided by

the Court.

        An Order consistent with this Opinion shall be entered.


Dated: __January 18, 2017_____     __/s/ Janet T. Neff_____
                                        Janet T. Neff
                                        United States District Judge


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**